IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 1:19-CR-334 (LMB) |
| JIAYU CHEN, | Sentencing Date: July 20, 2021 |
| Defendant. | |

**POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING**

The United States of America, through undersigned counsel, in accord with 18 U.S.C. § 3553(a) and the United States Sentencing Commission, Guidelines Manual (USSG), § 6A1.2 (2018), hereby files this Position of the United States with Respect to Sentencing in this case. The government has reviewed the Presentence Report and concurs with the findings of the Probation Office. The defendant's total offense level under the USSG is 31, which at his Criminal History Category of I, yields a guidelines range of 108 – 135 months. The government respectfully submits that a sentence of 60 months is reasonable and appropriately accounts for the factors set forth under 18 U.S.C. § 3553(a), including the need to avoid unwarranted sentencing disparities.

The government agrees that the defendant has assisted authorities in the prosecution of his own misconduct by timely notifying the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. The government moves for a one-level reduction pursuant to U.S.S.G. § 3E1.1(b). The Probation Office has taken this reduction into account in its Guidelines calculation and it is reflected in paragraph 65 of the

Presentence Report.

## BACKGROUND

From at least 2016 through in and around October 2020, the defendant Jiayu Chen conspired with members of a money laundering organization to launder drug proceeds generated from the unlawful drug sales in the United States.  This money laundering organization, led by Xizhi Li ("X. Li") and others, had direct contact with foreign DTOs to obtain contracts to move and launder illegal drug proceeds in return for commissions.  The organization used a complex methodology, known as "trade-based money laundering", in which drug proceeds are used to purchase goods, and value is transferred between countries through "mirror transactions" and/or the export and sale of goods.  This money laundering methodology facilitates the movement of illegal drug proceeds from the U.S. to Mexican DTOs in a manner that conceals the nature and source of the proceeds and avoids the risk of detection associated with wiring funds between financial institutions.

Members of the conspiracy went to great lengths to conceal the nature, source, ownership, and control of the drug proceeds they laundered.  When illegal drug sales in the United States generated bulk cash, money couriers would transport the cash across the United States so that other members of the conspiracy could conduct additional financial transactions in a different location from the state where the drugs were sold.  Further, members of the money laundering conspiracy used bank accounts in the United States, China, Mexico, and elsewhere, including accounts opened under fictitious identities, to conduct financial transactions with drug proceeds.  Certain members of the conspiracy, including X. Li, regularly used false identities and fraudulent identification documents to cover their tracks.  Finally, members of the conspiracy relied on end-to-end encrypted communications applications, such as "We Chat" and "Whats

App," to communicate about their unlawful activities without fear of detection by law enforcement.

The defendant, while employed as a letter carrier for the U.S. Postal Service, assisted his brother-in-law Jianxing Chen ("J. Chen") and others move bulk drug proceeds within the United States. Specifically, on numerous occasions between 2016 and 2017, the defendant received drug proceeds from money couriers and paid the couriers as directed by J. Chen. On at least one occasion, the defendant accepted bulk drug proceeds while wearing his U.S. Postal Service uniform. Once he received bulk drug proceeds, the defendant would count the money and then deliver it to individuals referred to him by J. Chen in the New York City area.

In early April 2017, the defendant arranged to receive U.S. currency generated from the sale of cocaine from an individual ("Individual-1"). On April 7, 2017, Individual-1 was arrested while transporting approximately $424,000 in cocaine proceeds. At the time of his arrest, Individual-1 was delivering this cash to the defendant in Brooklyn, New York, so it could be laundered on behalf of a drug trafficking organization.

During his involvement in the conspiracy, the defendant frequently received drug proceeds from a money courier who later became a cooperating source ("CS-1"). CS-1 would pick up drug proceeds in locations throughout the United States, including in Virginia Beach, Virginia, within the Eastern District of Virginia. On May 22, 2017, CS-1 was arrested in Staten Island, New York while transporting at least $240,000 of drug proceeds in a 2015 Cadillac Escalade, which was registered to the defendant in Brooklyn, New York. The drug proceeds were secreted within a hidden compartment inside the Escalade at the time of CS-1's arrest. CS-1 had picked up the proceeds in Chicago, Illinois, and at the time of the arrest, CS-1 was delivering the proceeds to the defendant in Brooklyn, New York so that they could be laundered

on behalf of a drug trafficking organization.

On May 23, 2017, law enforcement officers searched the defendant's apartment on Crospey Avenue in Brooklyn, New York, and seized two money counters; a ledger summarizing transactions, which totaled approximately $2,800,000 of drug proceeds; and approximately $107,000 in cash.

On September 24, 2020, a federal grand jury sitting in the Eastern District of Virginia returned a Superseding Indictment charging the defendant in three counts with: conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1); conspiracy to distribute five kilograms or more of cocaine, knowing and intending that it will be unlawfully imported into the United States, in violation of 21 U.S.C. §§ 959(a), 960, 963 (Count 2); and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count 3).

On April 9, 2021, the defendant pleaded guilty, pursuant to a Plea Agreement, to Count 3 of the Superseding Indictment, Conspiracy to Commit Money Laundering.  The government will move to dismiss Counts 1 and 2 of the Superseding Indictment against the defendant at sentencing.

## ANALYSIS OF SENTENCING FACTORS

I.   Overview of Applicable Law

Although the United States Sentencing Guidelines are advisory, *United States v. Booker* provides that a sentencing court "must consult those Guidelines and take them into account when sentencing." 543 U.S. 220 (2005). "[A] district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines.  Then, the court shall consider that range as well as other relevant factors set

forth in the guidelines and those factors set forth in Section 3553(a) before imposing the sentence. *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005).

Under Title 18, United States Code, Section 3553, the Court must consider the nature and circumstances of the offense and the characteristics of the defendant. In addition, the Court must consider other factors, including the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A) and (B). The Court must consider the need for the sentence imposed to protect the public from further crimes of the defendant, and to provide the defendant with needed correctional treatment. 18 U.S.C. § 3553(a)(2)(C) and (D). The Court must also consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6).

II.     Sentencing Recommendation

The government submits that a significant sentence is warranted to account for the nature and circumstances of the offense and the seriousness of the defendant's criminal conduct. The defendant assisted J. Chen in moving millions of dollars in U.S. currency generated from the unlawful sale of drugs. J. Chen lived primarily in Belize but used a network of U.S. based money couriers to move bulk drug proceeds within the U.S. The defendant played a trusted role by receiving drug proceeds from J. Chen's couriers and transferring the proceeds to other members of the conspiracy within the U.S. so the funds could be laundered and repatriated to drug trafficking organizations. On a few occasions, the defendant handled nearly $500,000 in illegally derived cash at a time. On at least one occasion, the defendant collected drug money while dressed in his U.S. Postal Service uniform.

The Probation Office correctly calculated the defendant's guidelines range at 108 – 135 months. The advisory guidelines are indicative of the severity of the offense.

Notwithstanding the seriousness of the defendant's conduct, the government submits that a sentence below the guidelines range is appropriate here to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a)(6). The defendant's conduct in collecting and transferring illegally derived funds was comparable to the conduct of Xueyong Wu and George Yu that was known by the government at the time of their sentencing hearings. Both Wu and Yu received 60-month sentences. Further, this Court sentenced co-conspirator Qiyun Chen, who had direct ties to Mexican DTOs and who received a role enhancement under U.S.S.G § 3B1.1, to 120 months of imprisonment. Because the defendant played a lesser role in the conspiracy compared to Qiyun Chen, the government submits that a sentence below 120 months, and below the low end of the properly calculated guidelines range, is reasonable and will avoid unwarranted sentencing disparities.

Under the circumstances, the government submits that a sentence of 60 months would be reasonable and "sufficient, but not greater than necessary, to comply with the purposes set forth in [18 U.S.C. § 3553(a)(2)]." 18 U.S.C. § 3553(a).

## CONCLUSION

For the foregoing reasons, the government recommends that the Court impose a sentence of at least 60 months of imprisonment.

        Respectfully submitted,

        Deborah Connor, Chief
        Money Laundering and Asset Recovery
        Section
        Criminal Division
        U.S. Department of Justice

By:   /s/ Mary K. Daly
       Mary K. Daly
       New York Bar (4263265)
       Trial Attorney
       Money Laundering and Asset Recovery
       Section, Criminal Division
       U.S. Department of Justice

## **CERTIFICATE OF SERVICE**

  I hereby certify that on July 13, 2021, I filed the foregoing with the Clerk through CM/ECF and provided an electronic copy to Renee Wong, Esq. counsel for the defendant.

                                                                                            Raj Parekh  
                                                                                            Acting United States Attorney

                                                                     _____/s/_____  
                                                                   David A. Peters  
                                                                   Assistant U.S. Attorney  
                                                                   United States Attorney's Office  
                                                                   Eastern District of Virginia  
                                                                   2100 Jamieson Avenue  
                                                                   Alexandria, VA 22314  
                                                                   (703) 299-3700  
                                                                   David.Peters@usdoj.gov